**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CIVIL NO:**

**KELSEY BREWER,** *Plaintiff*

vs.  **COMPLAINT**

**NATIONWIDE CREDIT, INC.** *Defendant*

    Serve:  NATIONWIDE CREDIT, INC.
              2015 Vaughn Street
              Building 400
              Kennesaw, Georgia  30144

* * * * * * * *

NOW COMES Plaintiff, KELSEY BREWER, by and through her attorneys, KROHN & MOSS, LTD., and for her Complaint against Defendant, NATIONWIDE CREDIT, INC., alleges and affirmatively states as follows:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* ("FDCPA").

## PARTIES

2. Plaintiff, KELSEY BREWER ("Plaintiff") is an individual who was at all times relevant hereto residing in the city of Georgetown, State of Kentucky, County of Scott.

3. Plaintiff is a consumer as that term is defined by 15 *U.S.C. § 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term in defined by 15 *U.S.C. § 1692a(5)*.

4. Defendant is a debt collector as defined by *15 U.S.C. § 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

5. Defendant is a national corporation with its headquarters in Kennesaw, Georgia.

6. Defendant has acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to *15 U.S.C. § 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

8. Defendant conducts business in the State of Kentucky, and therefore, personal jurisdiction is established.

9. Venue is proper under *28 U.S.C. § 1391(b)(1)*.

## FACTUAL ALLEGATIONS

10. Defendant continuously and constantly placed collection calls to Plaintiff seeking and demanding payment for an alleged debt for a DirecTV receiver.

11. Plaintiff denies owing the alleged debt.

12. Defendant has placed approximately three (3) collection calls to Plaintiff in a single day.

13. Defendant placed collection calls to Plaintiff at Plaintiff's telephone number 502-863-3667 from telephone number 770-612-7241 and other toll-free numbers.

14. Defendant placed collection calls to Plaintiff from unknown numbers.

15. Defendant placed collection calls to Plaintiff after 9:00 p.m. e.s.t., Plaintiff's local time.

16. Defendant told Plaintiff's husband that non-payment of the alleged debt was a federal offense.

17. Defendant continued to place collection calls to Plaintiff despite Plaintiff denying having owned a DirecTV receiver or owing any money related to having a DirecTv receiver.

18. Defendant continued to place collection calls to Plaintiff despite Plaintiff repeatedly telling Defendant that Defendant has the wrong 'Kelsey Brewer.'

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person;

   b. Defendant violated *§1692d(5)* of the FDCPA by causing the telephone to ring or engaged any person in telephone conversations repeatedly;

   c. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without disclosing his/her identity;

   d. Defendant violated *§1692e* of the FDCPA by false, deceptive, or misleading representation or means in connection with the debt collection;

   e. Defendant violated *§1692e(4)* of the FDCPA by stating that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment;

   f. Defendant violated *§1692f* of the FDCPA by engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt; and

   g. Defendant violated *§1692f(1)* of the FDCPA by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

## PRAYER FOR RELIEF

20. WHEREFORE, Plaintiff, KELSEY BREWER, respectfully requests judgment be entered against Defendant, NATIONWIDE CREDIT, INC. for the following:

21. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k;*

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k*;

23. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KELSEY BREWER, demands a jury trial in this cause of action.

DATED: September 15, 2010    Respectfully Submitted,
**KELSEY BREWER**

By: /s/Lee Cassie Yates_____
Lee Cassie Yates – Atty No. 91821
Attorney for Plaintiff
KROHN & MOSS, LTD.
120 West Madison Street, 10th Floor
Chicago, Illinois  60602
(312) 578-9428

-5-

VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF _____        )
                                ) ss.
COUNTY OF _____          )

Plaintiff, Kelsey Brewer, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Kelsey Brewer